UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BARBARA OZIMEK,

                                  Plaintiff,

v.                                              Civil Action No. _____

COMMERICAL RECOVERY SYSTEMS, INC.,

                                  Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Barbara Ozimek, is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Commercial Recovery Systems, Inc., is a corporation organized and existing under the laws of the State of Texas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to Household Finance. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter satisfied the subject debt.

12. That upon information and belief Defendant was employed by Household Finance to collect on the subject debt.

13. That in or about September of 2011, Defendant began calling Plaintiff multiple times per week in an attempt to collect on the subject debt.

14. That during the first of these aforementioned calls, Plaintiff informed Defendant that she settled this debt through an action commenced in the City Court of Lockport. Despite informing the Defendant that she settled the debt, Defendant continued to call the Plaintiff to attempt to collect on the already satisfied debt.

15. On one occasion Plaintiff explained to Defendant's representative, Mrs. Jackson, that she just had surgery and wasn't feeling well and asked the Defendant to stop calling her and Mrs. Jackson asked for the phone number to Plaintiff's doctor stating "you are always sick."

16. During another telephone conversation with the Plaintiff, Mrs. Jackson stated she would garnish the Plaintiff's social security disability from her bank and asked the Plaintiff where she did her banking.

17. Defendant also contacted Plaintiff's son on several occasions and disclosed all of Plaintiff's information regarding this debt. During these conversations Defendant repeatedly told Plaintiff's son that if his mother did not pay this debt, they would take her house.

18. That despite Defendant's statements, they neither had the ability nor had been authorized by Household Finance to pursue legal action against Plaintiff, and did not intend to do so.

19. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

20. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which is to abuse the hearer as described in paragraphs 15, 16 and 17.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false and misleading representations when stating they will garnish the Plaintiff's social security disability from the bank and that if the debt wasn't paid, they would take her house.

    D. Defendant violated 15 U.S.C. §1692(b)2 by contacting Plaintiff's son and disclosing that she owed a debt and that legal action would be taken against Plaintiff if she failed to pay the alleged subject debt.

22. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: November 23, 2011

                                              /s/ Seth J. Andrews_____
                                              Seth J. Andrews, Esq.
                                              Law Offices of Kenneth Hiller, PLLC
                                              *Attorneys for the Plaintiff*
                                              6000 North Bailey Ave., Suite 1A
                                              Amherst, NY 14226
                                              (716) 564-3288
                                              Email: sandrews@kennethhiller.com